*EXHIBIT B*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------x

BRIAN TAO, individually and on behalf of similarly situated individuals,

                *Plaintiff*,

-v-

UNIQLO USA LLC, a Delaware limited liability company,

                *Defendant.*

-------------------------------------------------------------------x

Index No.

**Class Action Complaint**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Brian Tao ("Plaintiff") brings this Class Action Complaint against Defendant Uniqlo USA LLC ("Uniqlo" or "Defendant"), individually and on behalf of a class of similarly situated individuals, to seek redress for Defendant's violations of California Civil Code Section 1670.8. Plaintiff alleges as follows based on personal knowledge as to himself and his own acts and experiences and as to all other matters, on information and belief, including an investigation by his attorneys.

### INTRODUCTION

1. This is a class action suit brought against Defendant for violations of California Civil Code Section 1670.8(a), which prohibits sellers or lessors of consumer goods or services from including in their contracts with consumers "a provision waiving the consumer's right to make *any statement* regarding the seller or lessor or its employees or agents, or concerning the goods or services." (emphasis added).

1

2. Defendant is the American affiliate of one of the world's most valuable consumer clothing brands, Uniqlo. Defendant maintains brick-and-mortar retail stores in California, Illinois, Florida, Washington, D.C., Pennsylvania, New Jersey, and New York, but also sells clothing online in the United States through uniqlo.com and the Uniqlo web application.

3. In order to purchase an item of clothing from Defendant through uniqlo.com or the Uniqlo web application, consumers are required to agree to Defendant's Terms and Conditions.

4. Defendant's Terms and Conditions include a provision prohibiting Defendant's customers from using Defendant's name, brand names, graphics, designs, logos or virtually any other material appearing on Defendant's website or Uniqlo web application to make any statement that is critical towards or otherwise discredits Defendant:

> **TRADEMARKS AND SERVICE MARKS**
> Unless otherwise indicated, all names, graphics, designs, logos, page headers, button icons, scripts, commercial markings, trade dress, and service names included in the Site are trademarks of UNIQLO or its licensors, sponsors or suppliers and are protected by trademark laws. The trademarks may not be used in any manner that is likely to cause confusion to, or in any manner that disparages or discredits, UNIQLO. UNIQLO and its logo are, without limitation, among the registered trademarks of UNIQLO and its Affiliates. Infringement of any UNIQLO trademark is not permitted.

https://faq-us.uniqlo.com/articles/en_US/FAQ/Terms-Conditions (last visited July 19, 2024).

5. Accordingly, Plaintiff brings this class action for legal and equitable remedies to redress and put a stop to Defendant's unlawful contractual practices.

## PARTIES

6. Defendant is a Delaware limited liability company headquartered in New York County, New York.

7. At all relevant times, Plaintiff has been a resident and citizen of California.

## JURISDICTION AND VENUE

8. This Court has personal jurisdiction over Defendant pursuant to CPLR § 301

because Defendant is domiciled in New York County.

9. Venue is proper in New York County under CPLR § 503 because Defendant is domiciled in New York County.

## COMMON FACTUAL ALLEGATIONS

I. **California Civil Code Section 1670.8(a)**

10. In 2014, concerned by the proliferation of non-disparagement clauses in online consumer adhesion contracts and certain widely-reported instances of businesses attempting to enforce such clauses, the California Assembly passed a bill commonly referred to as the "Yelp" bill. Once signed into law by Governor Jerry Brown, the bill was codified at California Civil Code Section 1670.8.

11. Section 1670.8(a)(1) provides that "A contract or proposed contract for the sale of consumer goods or services may not include a provision waiving the consumer's right to make *any statement* regarding the seller or lessor or its employees or agents, or concerning the goods or services." (emphasis added).

12. Further, Section 1670.8(c) provides that any violation of Section 1670.8 subjects the offender to "a civil penalty not to exceed two thousand five hundred dollars ($2,500) for the first violation, and five thousand dollars ($5,000) for the second and for each subsequent violation, to be assessed and collected in a civil action brought by the consumer."

13. Section 1670.8(d) provides that in the case of a "willful, intentional, or reckless violation" of Section 1670.8, "a consumer or public prosecutor may recover a civil penalty not to exceed ten thousand dollars ($10,000)."

II. **Defendant's Terms and Conditions**

14. Defendant sells millions of dollars worth of Uniqlo-brand clothing annually to

3

California consumers through its Uniqlo web application as well as through uniqlo.com.

15. Before a California consumer can make a purchase through the Uniqlo web application or through uniqlo.com, the consumer is required to create a Uniqlo account with Defendant. In turn, the consumer must agree to Defendant's Terms and Conditions in order to create a Uniqlo account.

16. Defendant's Terms and Conditions constitute a contract or proposed contract for the sale of consumer goods or services. For instance, the Terms and Conditions address, *inter alia*, the accuracy of descriptions and prices of the goods sold,[1] Defendant's right to restrict or refuse transactions based on product return patterns,[2] and Defendant's product delivery obligations.[3] Indeed, Defendant's Terms and Conditions describe Defendant's web application and website as "services."[4]

17. Further, the Terms and Conditions include a provision restricting customers' rights to use Defendant's name or the brand name Uniqlo, and all other names, graphics, designs, logos, commercial markings, "in any manner that disparages or discredits" Defendant or the Uniqlo brand.

18. In other words, in violation of Section 1670.8(a), Defendant's Terms and

---

[1] https://faq-us.uniqlo.com/articles/en_US/FAQ/Terms-Conditions (last visited July 19, 2024) ("UNIQLO attempts to be as accurate as possible in its product descriptions. However, UNIQLO does not warrant that product and price descriptions or other content of this site are accurate, complete, reliable, current, or error-free").
[2] *Id.* ("To ensure a positive shopping experience for all our customers, if we identify an unreasonable return pattern, we may restrict or refuse future transactions from such customers. We also reserve the right to terminate accounts and limit purchases in our sole business discretion").
[3] *Id.* ("UNIQLO may extend delivery of an order so affected without liability to the customer except for the return of any payment made by the customer to UNIQLO with respect to any undelivered portion of the order so canceled").
[4] *Id.* ("Uniqlo reserves the right to temporarily block, suspend or terminate the account of anyone who provides inaccurate, untrue or in complete information, anyone who abuses the services provided by our website and app as well as anyone that qualifies for inappropriate account activity on our website or app").

4

Conditions restrict customers' ability to make "any statement" that is critical of or disparages Defendant, the Uniqlo-brand products Defendant sells, or the product delivery services Defendant provides through the Uniqlo web application and uniqlo.com.

19. Defendant's Terms and Conditions also constitute a form contract that unlawfully restricts the ability of Defendant's customers to review Defendant's goods and services, in violation of the federal Consumer Review Fairness Act of 2016, 15 U.S.C. § 45b.

## FACTS SPECIFIC TO PLAINTIFF

20. While in California, Plaintiff was required to agree to Defendant's Terms and Conditions when he created a Uniqlo account in order to purchase clothing through Defendant's Uniqlo web application on several occasions in 2022, 2023, and 2024. Plaintiff either picked up his purchases from Defendant's brick-and-mortar locations in California or Defendant delivered them to Plaintiff's residence in California.

21. Defendant's Terms and Conditions have not been updated or changed since 2017.

22. Accordingly, upon each of Plaintiff's purchases of goods and use of Defendant's services through Defendant's Uniqlo web application, Defendant unlawfully restricted Plaintiff's ability to make any statement that criticized or otherwise disparaged Defendant's goods and services, in violation of Section 1670.8(a).

## CLASS ALLEGATIONS

23. Plaintiff brings this action pursuant to N.Y. C.P.L.R. § 901 on his own behalf and on behalf of a class (the "Class") defined as follows:

> **The Class**: All individuals in California who, during the applicable limitations period, created a Uniqlo account with Defendant either through uniqlo.com or through the Uniqlo web application.

24. Members of the Class will be referred to as "Class Members."

25. Plaintiff will fairly and adequately represent and protect the interests of the other Class Members. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other Class Members, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class.

26. Absent a class action, most Class Members would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

27. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the Class Members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members, and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

28. The factual and legal bases of Defendant's liability to Plaintiff and to the other Class Members are the same, resulting in injury to Plaintiff and to all of the other members of the Class. Plaintiff and the other members of the Class have suffered harm as a result of Defendant's unlawful and wrongful conduct.

29. Upon information and belief, there are thousands of Class Members, such that joinder of all members is impracticable.

30. There are many questions of law and fact common to the claims of Plaintiff and the other Class Members, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to,

6

the following:

(a) Whether Plaintiff and Class Members were subject to Defendant's Terms and Conditions;

(b) Whether Defendant's Terms and Conditions violate California Civil Code Section 1670.8;

(c) Whether Defendant's violations of California Civil Code Section 1670.8 were willful, intentional, or reckless;

(d) Whether Plaintiff and the Class Members are entitled to the recovery of civil penalties and other relief.

### COUNT I
**Violations of California Civil Code Section 1670.8**
**(On behalf of Plaintiff and the Class)**

31. Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

32. California Civil Code Section 1670.8(a)(1) provides that "A contract or proposed contract for the sale of consumer goods or services may not include a provision waiving the consumer's right to make any statement regarding the seller or lessor or its employees or agents, or concerning the goods or services."

33. Defendant's Terms of Service constitute a "contract or proposed contract for the sale of consumer goods or services."

34. Defendant's Terms of Service include a provision prohibiting consumers' rights to make certain statements regarding Defendant and/or Defendant's employees or agents, as well as to make certain statements concerning Defendant's goods or services.

35. Section 1670.8(b) states that "any waiver of the provisions of [Section 1670.8] is

contrary to public policy, and is void and unenforceable."

36. Section 1670.8(c) provides that violators of Section 1670.8 are subject to civil penalties "not to exceed two thousand five hundred dollars ($2,500) for the first violation, and five thousand dollars ($5,000) for the second and for each subsequent violation, to be assessed and collected in a civil action brought by the consumer, by the Attorney General, or by the district attorney or city attorney of the county or city in which the violation occurred. When collected, the civil penalty shall be payable, as appropriate, to the consumer or to the general fund of whichever governmental entity brought the action to assess the civil penalty."

37. Section 1670.8(d) states that "for a willful, intentional, or reckless violation of [Section 1670.8, a consumer or public prosecutor may recover a civil penalty not to exceed ten thousand dollars ($10,000)."

38. Plaintiff and the other Class members were presented with and became subject to Defendant's Terms and Conditions in California, such that Defendant's Terms and Conditions violate their rights under Section 1670.8.

39. Defendant's violations of Section 1670.8 were knowing, intentional, or reckless. Defendant, a sophisticated national clothing retailer, maintains more than twenty brick-and-mortar locations in California, and thus knew or should have known of Section 1670.8's prohibitions, which were passed into law approximately 10 ten years ago. In fact, Defendant's online privacy policy refers to the California Consumer Privacy Act, demonstrating that Defendant knows its retail practices are subject to California law.

40. As a result of the above-mentioned violations of Section 1670.8, Defendant is liable to Plaintiff and the other Class Members for civil penalties as set forth in Section 1670.8(c)-(d), to be determined at trial.

8

## COUNT II
### Declaratory Judgment
### (On behalf of Plaintiff and the Class)

41. Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

42. There is an actual, ripe, and justiciable controversy as to the rights and legal relations between Plaintiff and the other Class Members, on the one hand, and Defendant, on the other hand, relating to the interpretation, effect, and enforceability of Defendant's Terms and Conditions.

43. These issues warrant judicial resolution so that the parties can understand their rights and legal relations and be governed accordingly.

44. This case presents to the Court a case of actual controversy within its jurisdiction pursuant to N.Y. C.P.L.R. § 3001.

45. There is an urgency and immediacy to resolving this dispute as Plaintiff and the other Class Members continue to suffer substantial harm through, among other things, the inability to exercise their full legal rights as afforded under California Civil Code Section 1670.8.

46. Plaintiff and the other Class Members will suffer undue hardship if the parties' rights and obligations under Defendant's Terms and Conditions are not adjudicated and affixed by the Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, respectfully requests that this Court enter judgment in his favor as follows:

9

B. Granting declaratory judgment that Defendant's Terms and Conditions violate California Civil Code Section 1670.8;

C. Enjoining Defendant from continuing to engage in the unlawful conduct described herein;

D. Awarding civil penalties to Plaintiff and the Class as set forth in California Civil Code Section 1670.8(c)-(d);

E. Awarding Plaintiff reasonable attorney's fees and costs;

F. Awarding prejudgment and post-judgment interest on all amounts due; and

G. Awarding such other and further relief as the Court deems reasonable and just.

DATED: July 24, 2024

BRIAN TAO, individually and on behalf of similarly situated individuals

By: _____

Brian Murray
GLANCY PRONGAY & MURRAY LLP
230 Park Avenue, Suite 358
New York, NY 10169
Tel: (212) 682-5340
bmurray@glancylaw.com

Timothy P. Kingsbury (IL ARDC #6329936)
(*pro hac vice forthcoming*)
KINGSBURY LAW LLC
8 S. Michigan Ave., Ste. 2600
Chicago, IL 60603
Tel: (312) 291-1960
tim@kingsburylawllc.com

*Counsel for Plaintiff and the putative Class*