UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN TAO, individually and on behalf of similarly situated individuals,<br><br>    *Plaintiff,*<br><br>  v.<br><br>UNIQLO, USA LLC, a Delaware limited liability company,<br><br>    *Defendant.* | Civil Action No. 24-cv-06781<br><br>**DEFENDANT'S AMENDED NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446 and 1453** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453 and Local Civil Rule 81.1, defendant Uniqlo, USA LLC, a Delaware limited liability company (hereinafter "Uniqlo" or "Defendant"), through its undersigned counsel, hereby removes the above-entitled action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. In support of this Notice, Defendant states as follows:

**Procedural History**

1. Plaintiff Brian Tao, individually and on behalf of similarly situated individuals, (hereinafter "Plaintiff") commenced this action against Defendant on July 24, 2024, in the Supreme Court of the State of New York, County of New York, Index Number 653736/2024 (the "State Court Action"). A copy of the Summons filed in the State Court Action is attached hereto as **Exhibit A**.

2. A copy of the Complaint (the "Complaint") filed in the State Court Action is attached hereto as **Exhibit B**.

3.  Plaintiff purports to have served Defendant with the Summons and Complaint at its Delaware registered agent's address on August 7, 2024. (*See* Affidavit of Service attached hereto as **Exhibit C**).

4.  Defendant has not answered or otherwise appeared in the State Court Action.

5.  As of this date, no other pleadings or papers have been filed in the State Court Action.

## The Removed Action

6.  The State Court Action is a putative class action against Defendant, purportedly brought on behalf of "All Individuals in California, who during the applicable limitations period, created a Uniqlo account with Defendant either through Uniqlo.com or through the Uniqlo web application" (Complaint ¶ 23) for alleged violations by Defendant of California Civil Code Section 1670.8(a). (Complaint ¶¶ 1, 3-5).

7.  Plaintiff contends that there are "thousands" of Class Members. (Complaint ¶ 29).

8.  Defendant disputes Plaintiff's allegations, believes the Complaint lacks merit and denies that Plaintiff or the putative class have been harmed in any way.

## Grounds for Removal

9.  Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant removes this case to the United States District Court for the Southern District of New York, the Judicial District in which this action is pending.

10.  This action is removable under the Class Action Fairness Act of 2005 ("CAFA"), codified in principal part at 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over class actions in which: (a) the putative class includes 100 or more members; (b) at least one putative class member is a citizen of a state different from at least one defendant; and (c) the

amount in controversy exceeds $5,000,000. As set forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA.

11. <u>Covered Class Action:</u> Plaintiff purports to bring the State Court Action pursuant to Section 901 of the New York Civil Practice Law and Rules ("CPLR"). (Complaint, ¶ 23). Section 901 of the CPLR permits "[o]ne or more members of a class [to] sue or be sued as representative parties on behalf of all[.]" *Id.* As such, this action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a), (b).

12. <u>Class Action Consisting of More than 100 Members</u>: Plaintiff brings this purported class action on behalf of "thousands of Class Members." (Complaint, ¶ 29). As such, the alleged putative class membership satisfies the requirement of at least 100 members set out in 28 U.S.C. § 1332(d)(5)(B).

13. <u>Diversity</u>: To establish federal jurisdiction under CAFA, Defendant must show that "minimal diversity" exists. *Romano v. SLS Residential, Inc.*, 812 F. Supp. 2d 282, 287 (S.D.N.Y. 2011). Such diversity exists where, as here, "one plaintiff and one defendant are citizens of different states." *Id.*; *see also* 28 U.S.C. § 1332(d)(2)(A) (the required diversity of citizenship under CAFA is satisfied where "any member of a class of plaintiffs is a citizen of a State different from any defendant").

   a. For CAFA purposes only, to determine whether minimal diversity exists, the citizenship of all class members (including putative), both named and unnamed, is considered. *See* 28 U.S.C. § 1332(d)(7). Plaintiff is a resident and citizen of California. (Complaint ¶ 7). Plaintiff alleges that the members of the proposed class are "[a]ll Individuals in California." (Complaint ¶ 23).

3

    b. For purposes of CAFA and 28 U.S.C. § 1453, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). The Second Circuit has not provided guidance as to a limited liability company's citizenship for purposes of CAFA jurisdiction. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) ("The term 'unincorporated association' is not defined in CAFA, and this Court has not addressed the question of whether it encompasses limited liability companies."). However, Courts in the Second Circuit have adopted the reasoning of other Circuit Courts that an LLC is an unincorporated association for purposes of CAFA. *See Kim v. Trulia, LLC,* No. 19CV06733DLIRER, 2021 WL 8743946, at *3 (E.D.N.Y. Mar. 31, 2021)*; Claridge v. N. Am. Power & Gas Co., LLC*, 2015 WL 5155934, at *1-2 (S.D.N.Y. Sept. 2, 2015); *Siloam Springs Hotel, LLC v. Century Sur. Co*., 781 F.3d 1233, 1237 n.1 (10th Cir. 2015); *Ferrell v. Express Check Advance of S.C. LLC*, 591 F.3d 698, 702-04 (4th Cir. 2010).

    c. Defendant Uniqlo USA, LLC is headquartered in New York and registered as a limited liability company in Delaware. (Complaint, ¶ 6).

Accordingly, the citizenship of at least one defendant (in this case, the sole named defendant) is different from the citizenship of the named Plaintiff, as well as members of the proposed class. Thus, according to the allegations of the Complaint, the diversity requirements of CAFA are satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

    14.    <u>Amount in Controversy</u>: Under CAFA, the claims of individual class members are aggregated to determine whether the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). Here, Plaintiff

4

alleges statutory penalties under Cal. Civ. Code § 1670.8. (Complaint ¶ 1). Cal. Civ. Code § 1670.8(c) provides for a $2,500 penalty per claimant. Plaintiff also alleges there are "thousands" of Class Members. (Complaint ¶ 29). Without conceding any merit to the Complaint's damages allegations or causes of action, the amount in controversy here satisfies CAFA's jurisdictional threshold.

15. <u>No CAFA Exclusions</u>: The action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d). Plaintiff, nor any proposed member of the class, is a citizen of the State of New York, the state in which the action was filed. (Complaint ¶¶ 7, 23). As such, this action does not qualify for the exclusion enumerated in 28 U.S.C. § 1332(d)(4).

16. Additionally, this is not a "class action that solely involves a claim (A) concerning a covered security as defined under 16(f)(3) of the Securities Act of 1933 (15 U.S.C. 78p(f)(3)) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E)); (B) that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State of which such corporation or business enterprise is incorporated or organized; or (C) that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1) and the regulations issued thereunder)." 28 U.S.C. 1332(d)(9). This class action solely involves a claim under Cal. Civ. Code § 1670.8.

17. Because no other exclusion potentially applies, this action is removable pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453(b).

18. The Notice of Removal is timely under 28 U.S.C. § 1446(b) because it was filed within 30 days of August 7, 2024, the earliest date on which Defendant was allegedly served with a copy of the Summons and Complaint in the State Court Action. (*See* Exhibit C).

19. A copy of this Notice of Removal is being served on Plaintiff through its attorneys and on the Clerk of the Supreme Court of the State of New York, County of New York.

20. A removal notice together with a copy of the Defendant's Notice of Removal Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453 shall be filed with the Clerk of the Supreme Court of the State of New York, County of New York, and shall be served on all parties of record.

WHEREFORE, for the foregoing reasons, Defendant respectfully gives notice of the removal of the action to this Court, and respectfully request that this action be placed on the docket and proceed in this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Dated: September 30, 2024
New York, New York

**KATTEN MUCHIN ROSENMAN LLP**

By: */s/ Gabriella Weick*
Gabriella Weick
50 Rockefeller Plaza
New York, New York 10020
Tel.: (212) 940-8800
gabriella.weick@katten.com

Kristin Achterhof (admitted *pro hac vice*)
525 W. Monroe Street
Chicago, IL
Tel: (312) 902-5296
kristin.achterhof@katten.com

*Attorneys for Defendant Uniqlo USA, LLC*