UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN TAO, individually and on behalf of similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>UNIQLO USA LLC, a Delaware limited liability company,<br><br>*Defendant*. | Case No. 1:24-cv-06781-VEC<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND TO STATE COURT**<br><br>**ORAL ARGUMENT REQUESTED** |

## **TABLE OF CONTENTS**

**I.    INTRODUCTION** ..................................................................................................1

**II.   ARGUMENT**........................................................................................................2

    **A.  The Court Should Reject Defendant's Attempt To Rehabilitate Its Motion To Dismiss** ..................................................................................2

    **B.  Defendant Continues To Undermine Plaintiff's Article III Standing** ....................4

    **C.  The Court Should Not Address Defendant's "Statutory Standing" Merits Argument Before Remanding This Case To State Court**..........................................6

    **D.  Defendant's Unreasonable Conduct Merits An Award Of Costs And Attorneys' Fees** ........................................................................................8

**III.  CONCLUSION** ..................................................................................................10

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*All. For Env't Renewal, Inc. v. Pyramid Crossgates Co.*,
  436 F.3d 82 (2d Cir. 2006) ..................................................................................................8

*Anderson v. United Parcel Serv. of America, Inc.*,
  No. 2:24-CV-00096-DSF-SSC, 2024 WL 4492042 (C.D. Cal. Oct. 15, 2024) ...............3, 6

*Barnes v. Arytza, LLC*,
  288 F. Supp. 3d 834 (N.D. Ill. 2017) .................................................................................5

*Biragov v. Dreamdealers USA, LLC*,
  No. 21 CIV. 483 (JPC), 2021 WL 5303918 (S.D.N.Y. Nov. 15, 2021) ..............................7

*City of New York v. Exxon Mobil Corp.*,
  No. 21-cv-4807 (VEC), 2024 WL 2091994 (S.D.N.Y. May 8, 2024) ................................9

*Do No Harm v. Pfizer Inc.*,
  96 F.4th 106 (2d Cir. 2024) ................................................................................................7

*Goldberg v. Danaher*,
  599 F.3d 181 (2d Cir. 2010) ...............................................................................................7

*In re Am. Int'l Grp., Inc. Secs. Litig.*,
  916 F. Supp. 2d 454 (S.D.N.Y. 2013) ................................................................................9

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ...........................................................................................................4

*Mocek v. Allsaints USA Ltd.*,
  220 F. Supp. 3d 910 (N.D. Ill. 2016) .................................................................................9

*Nat'l Org. for Marriage, Inc. v. Walsh*,
  714 F.3d 682 (2d Cir. 2013) ...............................................................................................4

*O'Donnell v. Crocs Retail, LLC*,
  No. 2:24-CV-02726-SVW-PD, 2024 WL 3834704 (C.D. Cal. Aug. 15, 2024) ...........2–3, 5

*Parrish v. Everi Payments Inc.*,
  No. 222CV00511GMNDJA, 2023 WL 3276400 (D. Nev. May 4, 2023) .........................9

*Rosado v. Johnson*,
    589 F. Supp. 2d 398 (S.D.N.Y. 2008) ....................................................................................4

*Shahbaz v. Arista Networks, Inc.*,
    No. 2:24-CV-00431-DAD-SCR, 2024 WL 4368253 (E.D. Cal. Oct. 1, 2024)........................3

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
    549 U.S. 422 (2007)............................................................................................................6–7

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016)............................................................................................................1–4, 9

*Sundown by Farkas v. Aetna Life Ins. Co.*,
    No. 23CV1905JMAST, 2024 WL 1051165 (E.D.N.Y. Jan. 16, 2024) ....................................8

*Weinstein v. Trump*,
    No. 17 CIV. 1018 (GBD), 2017 WL 6544635 (S.D.N.Y. Dec. 21, 2017) ...............................8

*Zhirovetskiy v. Zayo Group, LLC*,
    No. 17-cv-05876, 2018 WL 11195494 (N.D. Ill. Mar. 7, 2018) ..........................................4, 9

## Statutes

California Civil Code Section 1670.8...................................................................................... *passim*

28 U.S.C. § 1447(c) ..............................................................................................................2

Plaintiff Brian Tao ("Plaintiff") submits this reply in support of his Motion to Remand to State Court under 28 U.S.C. § 1447(c) (ECF Nos. 24–25).

## I.     INTRODUCTION

In his opening brief (ECF No. 25), Plaintiff demonstrated that with its Motion to Dismiss, Defendant had undermined this Court's subject-matter jurisdiction – and thus abdicated Defendant's removal burden – by asserting that Plaintiff lacks Article III standing under *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), as well as multiple federal district court decisions remanding claims under California Civil Code Section 1670.8 ("Section 1670.8") for lack of Article III standing.

In its Opposition (ECF No. 31), Defendant first denies that its Motion to Dismiss challenged Plaintiff's Article III standing. That denial is ridiculous—Defendant expressly argues that "Plaintiff lacks standing, because he fails to allege there is a concrete injury, let alone, any reasonably foreseeable concrete injury." (ECF No. 22 at 11). Next, Defendant argues the Court can dismiss this case for lack of "statutory standing" before deciding whether Defendant has carried its removal burden to establish the Court's jurisdiction. The Court cannot do so, because the Court must ensure its jurisdiction *before* making merits determinations and Defendant's "statutory standing" argument – which is brought under Rule 12(b)(6) and seeks dismissal *with prejudice* – is obviously a merits argument. Third, Defendant makes a cursory attempt to establish standing under Second Circuit precedent involving free speech claims, but fails to recognize that its Motion to Dismiss arguments have subverted Article III standing under that precedent as well. Finally, Defendant argues that an award of costs and attorneys' fees for Defendant's improper removal tactics here would be unwarranted, but its argument is based on the mistaken belief that

CAFA abrogates its burden to establish standing, and thus fails to establish that its removal of this case and litigation conduct thereafter was reasonable.

In short, because Defendant has unambiguously challenged Plaintiff's Article III standing, because Defendant has failed to rectify its error and establish standing in its Opposition, and because Defendant has needlessly and unreasonably protracted the litigation in this Court, resulting in the unnecessary expenditure of the Court's as well as Plaintiff's time and resources, the Court should remand this case to the Supreme Court of the State of New York, County of New York, and award Plaintiff his costs and attorneys' fees under 28 U.S.C. § 1447(c).

## II.     ARGUMENT

### A.     The Court Should Reject Defendant's Attempt To Rehabilitate Its Motion To Dismiss.

As explained in Plaintiff's opening brief, Defendant challenged his Article III standing by expressly arguing in its Motion to Dismiss that Plaintiff's claims should be dismissed for lack of "any reasonably foreseeable concrete injury." (ECF No. 22 at 11). Moreover, Defendant's Motion cited *Spokeo*, a seminal U.S. Supreme Court decision addressing Article III standing principles, where the Supreme Court reiterated the principle that Article III standing requires an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." 578 U.S. 330 at 339; (ECF No. 22 at 10). Further, Defendant argued that Plaintiff's allegations were the exact same as in several cases remanded by federal courts to state court for lack of Article III standing, including *O'Donnell v. Crocs Retail, LLC*, No. 2:24-CV-02726-SVW-PD, 2024 WL 3834704 (C.D. Cal. Aug. 15, 2024) (remanding Section 1670.8 claim after finding "[T]here is no injury-in-fact here because the [Complaint] does not contain (1) any allegations that Plaintiffs violated or intended to violate the Terms, (2) any allegations that Plaintiffs are self-censoring in fear of violating the Terms, or (3) any allegations that Defendant sought to enforce

2

the Terms"). In fact, Defendant copied the *O'Donnell* court's analysis in its Motion to Dismiss word-for-word: "As in *O'Donnell*, there is no injury in fact here because the Complaint does not contain (1) any allegations that Plaintiff violated or intended to violate the Terms; (2) any allegations that Plaintiff was self-censoring in fear of violating the terms; or (3) any allegations that Uniqlo sought to enforce the Terms." (ECF No. 22 at 11). Clearly, Defendant argued that the Court should dismiss Plaintiff's claim for the *exact same reason* as in *O'Donnell*: lack of Article III standing.

After Plaintiff pointed out in his opening brief how this position undercut Defendant's removal burden to establish and maintain Article III standing, Defendant argues in its Opposition that Plaintiff has "fundamentally mischaracterized" its Motion to Dismiss and claims it never challenged his Article III standing. (ECF No. 31 at 2). As the comparison between Defendant's Motion and the *O'Donnell* court's ruling set forth above demonstrates, Defendant's denial is simply absurd. As another example, Defendant suggests that it "referenced *Spokeo* only to emphasize that Plaintiff fails to allege the specific statutory requirements of Section 1670.8(a)(2) to sustain a claim." (ECF No. 31 at 4). But *Spokeo* had absolutely *nothing* to do with Section 1670.8 whatsoever. *Spokeo* involved claims under the federal Fair Credit Reporting Act and did not discuss "zone of interest" issues or anything else conceivably relevant to "statutory standing" principles. That decision's only conceivable relevance to this case is with respect to Article III standing principles. *See Spokeo* 578 U.S. at 337–343. Moreover, Defendant's Opposition offers no excuse or explanation for why, if Defendant never meant to challenge Plaintiff's Article III standing, Defendant would argue that Plaintiff's claim fails under *O'Donnell, Anderson v. United Parcel Serv. of America, Inc.*, No. 2:24-CV-00096-DSF-SSC, 2024 WL 4492042 (C.D. Cal. Oct. 15, 2024), and *Shahbaz v. Arista Networks, Inc.*, No. 2:24-CV-00431-DAD-SCR, 2024 WL

3

4368253, at *4 (E.D. Cal. Oct. 1, 2024)—each of which remanded plaintiffs' Section 1670.8 claims for lack of Article III standing.

Defendant's attempt to rely on its argument's label – lack of "statutory standing" – falls flat because the Court must construe Defendant's arguments based on their "substance" rather than their label. *See Rosado v. Johnson*, 589 F. Supp. 2d 398, 400 (S.D.N.Y. 2008) (the "nature of a motion is determined by its substance and not the label attached to it"); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 909 n.10, 110 S. Ct. 3177, 111 L.Ed.2d 695 (1990) (noting that courts construe motions according to their substance, not erroneous nomenclature). By arguing that Plaintiff lacks an injury-in-fact required for Constitutional, Article III standing under *Spokeo* (which Defendant concedes has no relevance for "statutory standing" principles), and by arguing Plaintiff's claims are the same as those remanded by multiple federal courts for lack of three standing, Defendant has unquestionably undercut Plaintiff's Article III standing—regardless of how it purposefully mislabeled that argument. *See Zhirovetskiy v. Zayo Group, LLC*, No. 17-cv-05876, 2018 WL 11195494, at *1 (N.D. Ill. Mar. 7, 2018) (remanding claims after the defendant undercut Article III standing and subject matter jurisdiction via a Rule 12(b)(6) motion).

### B. Defendant Continues To Undermine Plaintiff's Article III Standing.

Recognizing, however, that in order to avoid remand it must attempt to convince this Court of Plaintiff's standing, Defendant makes a cursory attempt to do so. Defendant cites *Nat'l Org. for Marriage, Inc. v. Walsh,* 714 F.3d 682 (2d Cir. 2013), for the proposition that standing requirements are relaxed in the First Amendment context, where allegations of a "real and imminent fear" of free speech rights being chilled suffice. (ECF No. 31 at 9); *see Nat'l Org. for Marriage*, 714 F.3d at 689 ("A plaintiff must allege something more than an abstract, subjective fear that his rights are chilled"). The problem with Defendant's threadbare discussion of *Nat'l Org.*

4

*for Marriage* is that Defendant continues to argue in its Opposition, as it did in its Motion to Dismiss and its Reply in support thereof, that Plaintiff does not allege any "real and imminent fear." *See* (ECF No. 31 at 4 (Plaintiff "fails to allege he was penalized or threatened with enforcement by Uniqlo"); (ECF No. 22 at 9–10 ("[N]owhere in the Complaint does Plaintiff allege that Uniqlo threatened to, or actually did, enforce the Terms against him. Plaintiff also fails to allege that he violated the Terms in any way to provoke Uniqlo to enforce any action against him. Finally, Plaintiff fails to allege that he is self-censoring in fear of violating the Terms."); (ECF No. 32 at 1 (describing Plaintiff's claim as "theoretical") and 7 ("*Plaintiff needed to allege that he was penalized or threatened with enforcement for making disparaging comments. Plaintiff made no such allegations in the Complaint*" (emphasis in original)).

Put differently, Defendant cannot carry its burden to establish standing by paying mere lip service to a "relaxed standard" in cases involving free speech rights, while at the same time continuing to advance arguments which, according to the authorities Defendant cited in its Motion to Dismiss, directly challenge Plaintiff's standing. *See, e.g.*, *Anderson*, 2024 WL 4492042, at *6 ( ("Because a person or entity can violate the Yelp Law even where there is no allegation of injury *or credible threat of enforcement*, a Yelp Law violation, standing alone, does not cause an [Article III injury in fact]" (emphasis added)); *O'Donnell*, 2024 WL 3834704, at *4 ("Even considering the relaxed standing requirements for a claim involving speech rights, there is no injury-in-fact here because the [Complaint] does not contain (1) any allegations that Plaintiffs violated or intended to violate the Terms, (2) any allegations that Plaintiffs are self-censoring in fear of violating the Terms, or (3) any allegations that Defendant sought to enforce the Terms. Defendant's arguments to the contrary are unpersuasive").

5

Thus, as in *Barnes v. ARYZTA, LLC*, 288 F. Supp. 3d 834 (N.D. Ill. 2017), while Defendant has sought to rehabilitate its Article III standing challenge "in a ploy to avoid being forced out of federal court," its recurring argument that Plaintiff alleges no fear of enforcement, and instead just "theoretical claims of potential speech restrictions" (ECF No. 32 at 1), continues to undercut Plaintiff's standing and abrogate its removal burden, requiring remand to state court. 288 F. Supp. 3d at 839 ("Defendant . . . would like to argue that Plaintiff has *not* sustained an Article III injury but has withdrawn any argument to that effect in a ploy to avoid being forced out of federal court. The difference between the two parties is that Plaintiff does not have to take a position on the standing issue while Defendant does, because Defendant bears the burden of establishing jurisdiction in this Court").

  **C.** **The Court Should Not Address Defendant's "Statutory Standing" Merits Argument Before Remanding This Case To State Court.**

Next, Defendant argues the Court should address its so-called "statutory standing" argument before ensuring that Defendant has carried its removal burden because federal courts have leeway to resolve threshold "non-merits" issues in the order they fit. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007). The problem for Defendant is that its "statutory standing" argument is not a "non-merits" issue.

As Defendant itself has repeatedly confirmed through its Motion to Dismiss, its Opposition, and its Reply in Support of its Motion to Dismiss, its "statutory standing" or "zone of interests" argument is nothing more than a misguided attempt to cram one of its "failure to state a claim" arguments – that only one of Section 1670.8's subsections, 1670.8(a)(2), is actionable – into a different legal framework. Indeed, the Court need look no further than Defendant's Reply, where Defendant admits that its "statutory standing" argument is really for failure to state a claim. (*See* ECF No. 32 at 5 ("This Section of the Motion to Dismiss is expressly titled, "Plaintiff Lacks

6

Statutory Standing," and in it, Defendant challenges whether Plaintiff alleges a valid cause of action under the Yelp Law.")). Defendant's first merits-based argument in its Motion to Dismiss is that violations of Section 1670.8(a)(1) – which Plaintiff alleges here – are not actionable, while violations of Section 1670.8(a)(2) – which prohibits threats or efforts to enforce contractual provisions that are unlawful under Section 1670.8(a)(1) – are. (ECF No. 22 at 6–9). Defendant's separately-labeled "zone of interests" argument is the *exact* same: that a plaintiff must allege "that he was penalized or threatened with enforcement for making disparaging comments," *i.e.* a violation of Section 1670.8(a)(2), in order to state a claim. (ECF No. 31 at 8); (ECF No. 23 at 4 ("The complete absence of enforcement-related allegations is fatal to Plaintiff's claim. Plaintiff does not and cannot meet this statutory requirement, and, as such, he fails to state a claim under the Yelp Law")).

While both arguments are erroneous for the reasons explained in Plaintiff's Opposition (ECF No. 30 at 10–11), they are inherently merits-based because they require the Court to assume "law-declaring power" and decide what facts must be alleged for a cause of action under Section 1670.8. *Sinochem*, 549 U.S. at 433 (a *forum non conveniens* determination is a "nonmerits issue" because it "does not entail any assumption by the court of substantive law-declaring power"). Indeed, Defendant brought both arguments under Rule 12(b)(6) and presents them as grounds for dismissal of Plaintiff's claims *with prejudice* (*i.e.*, on the merits). See *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 112 n.4 (2d Cir. 2024) (stating that "statutory standing . . . relates to the merits, that is whether a particular plaintiff has a cause of action under the statute" (internal quotations omitted)); *Goldberg v. Danaher*, 599 F.3d 181, 183 (2d Cir. 2010) ("Because a motion under Rule 12 (b)(6) presents a pure legal question, based on allegations contained within the four

7

corners of the complaint, the district court is equipped to make a *determination on the merits*" (emphasis added)).

Defendant cites *Biragov v. Dreamdealers USA, LLC*, No. 21 CIV. 483 (JPC), 2021 WL 5303918 (S.D.N.Y. Nov. 15, 2021), for the court's comment that statutory standing is an issue that *could* precede a jurisdictional analysis, but the court there addressed *res judicata* concerns, not statutory standing. 2021 WL 5303918, at *4. Where, as here, a defendant has raised a "statutory standing" argument – *i.e.* that the plaintiff lacks statutory authorization for his claim – courts in this Circuit have repeatedly held that Article III standing questions must be resolved *first*. *See, e.g.*, *Sundown by Farkas v. Aetna Life Ins. Co.*, No. 23CV1905JMAST, 2024 WL 1051165, at *5 (E.D.N.Y. Jan. 16, 2024) ("[A]s a merits analysis, courts cannot address [statutory standing] until Article III standing challenges have been resolved"); *see also All. For Env't Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 87 (2d Cir. 2006) (stating that the district court was "premature in making its statutory-standing/merits ruling without ascertaining . . . Article III standing").

In sum, because Defendant's so-called "statutory standing" or "zone of interests" argument is a merits argument brought pursuant to Rule 12(b)(6), the Court is required to resolve whether Defendant has properly established subject matter jurisdiction – and therefore, Article III standing – before addressing that argument.

### D. Defendant's Unreasonable Conduct Merits An Award Of Costs And Attorneys' Fees.

In its Opposition, Defendant argues that an award of costs and attorneys' fees would be improper here because Defendant removed this case under the Class Action Fairness Act ("CAFA"), and according to Defendant, CAFA removals are always objectively reasonable. But Defendant overlooks that Article III standing is a distinct component of federal subject matter

8

jurisdiction. *See Weinstein v. Trump*, No. 17 CIV. 1018 (GBD), 2017 WL 6544635, at *4 (S.D.N.Y. Dec. 21, 2017) ("CAFA, however, neither remedies a plaintiff's lack of standing nor provides an independent basis for standing"); *In re Am. Int'l Grp., Inc. Secs. Litig.*, 916 F. Supp. 2d 454, 462 (S.D.N.Y. 2013) ("That CAFA does not affect standing is clear from the plain text"). Moreover, while Defendant pretends that removal was proper because the "lack of jurisdiction was not obvious from the face of the removal petition," (ECF No. 31 at 10), Defendant never attempted to establish Article III standing in either of its Notices of Removal (*see generally* ECF Nos. 1, 19). Instead, as Plaintiff explained in his opening brief (ECF No. 31 at 8) – and as Defendant does not refute, and thus, concedes – Defendant chose to remove Plaintiff's Complaint (which has never been amended) from state court and then challenge his Article III standing based on clearly established law such as *Spokeo* as well as a pre-removal federal decision, *O'Donnell*, which remanded Section 1670.8 claims for lack of Article III standing. In other words, Defendant should have reasonably known this tactic would undermine the Court's jurisdiction and result in remand to the originating state court.

In addition, after Plaintiff called out this oft-criticized strategy with his Motion, Defendant sought to avoid remand with arguments that were "objectively absurd"—including its argument that its Motion to Dismiss never meant to challenge Plaintiff's Article III standing (ECF No. 31 at 2), even though Defendant argued Plaintiff's claims should be dismissed for lack of a concrete injury in fact under *Spokeo* and *three* federal decisions remanding Section 1670.8 claims for lack of Article III standing, as well as its argument that the Court should decide its "statutory standing" argument first when binding precedent clearly prohibits the Court from doing so. *City of New York v. Exxon Mobil Corp.*, No. 21-CV-4807 (VEC), 2024 WL 2091994, at *12 (S.D.N.Y. May 8, 2024) (Caproni, J.) (awarding attorneys' fees where party opposing remand advanced "objectively

9

absurd" arguments); *see also Parrish v. Everi Payments Inc.*, No. 222CV00511GMNDJA, 2023 WL 3276400, at *3 (D. Nev. May 4, 2023) (awarding fees where "other courts have remanded nearly identical claims").

Thus, for the same reasons multiple federal courts have awarded costs and attorneys' fees where defendants have removed cases only to challenge Article III standing, the Court should award Plaintiff his costs and attorneys' fees here. *See, e.g.*, *Zhirovetskiy*, 2018 WL 11195494 at *1; *Mocek*, 220 F. Supp. 3d at 914 (awarding fees and costs where "it should have been obvious to defendant, based on well-settled law," that its tactics made remand to state court inevitable).

### III.   CONCLUSION

For the above reasons, and for the reasons discussed in Plaintiff's opening brief (ECF No. 25), Plaintiff respectfully requests entry of an Order: (1) remanding this case to the Supreme Court of the State of New York, County of New York; (2) awarding Plaintiff his just costs and expenses, including attorneys' fees, resulting from Defendant's improper removal and granting Plaintiff leave to submit a fee application; and (3) for such other and further relief the Court deems reasonable and just.

Dated: November 25, 2024                              Respectfully submitted,

                                                       BRIAN TAO, individually and on behalf of
                                                       similarly situated individuals

                                                       By: /s/ Timothy P. Kingsbury
                                                            *One of Plaintiff's Attorneys*

                                                       Timothy P. Kingsbury
                                                       (admitted *pro hac vice*)
                                                       KINGSBURY LAW LLC
                                                       8. S. Michigan Ave., Ste. 2600
                                                       Chicago, IL 60603
                                                       Tel: (312) 291-1960
                                                       tim@kingsburylawllc.com

                Brian Murray
                GLANCY PRONGAY & MURRAY LLP
                230 Park Avenue, Suite 358
                New York, NY 10169
                Tel: (212) 682-5340
                bmurray@glancylaw.com

                *Counsel for Plaintiff and the putative Class*

## **CERTIFICATE OF SERVICE**

  I hereby certify that, on November 25, 2024, I caused the foregoing *Plaintiff's Reply in Support of Motion to Remand to State Court* to be electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

                   /s/ Timothy P. Kingsbury