USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/10/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
BRIAN TAO, *individually and on behalf of similarly situated individuals*,

                      Plaintiff,

      -against-

UNIQLO USA, LLC,

                      Defendant.
------------------------------------------------------------- X

24-CV-6781 (VEC)

OPINION

VALERIE CAPRONI, United States District Judge:

      Plaintiff Brian Tao brings a putative class action against Defendant UNIQLO USA, LLC alleging violations of California Civil Code Section 1670.8 (commonly referred to as the "Yelp Law"). *See* Compl., Dkt. 19–2. Defendant timely removed the action to federal court, Not. of Removal, Dkt. 19, and then moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), Mot. to Dismiss, Dkt. 21. Plaintiff opposed the motion, Plaintiff's Memorandum of Law in Opposition to Defendant's Mot. to Dismiss (hereafter, "Pl. Opp."), Dkt. 30, and moved to remand the case to state court and for an award of attorney's fees, Plaintiff's Not. of Mot. to Remand to State Court, Dkt. 24. Defendant opposed the motion. *See* Defendant's Opposition to Plaintiff's Mot. to Remand (hereafter, "Def. Opp."), Dkt. 31. Plaintiff's motion to remand is GRANTED; Plaintiff's request for attorneys' fees and costs is DENIED, and Defendant's motion to dismiss is DENIED AS MOOT.

## BACKGROUND[1]

Defendant is a retail fashion company that sells its products in physical storefronts and on its website at http://www.uniqlo.com and web application; Defendant is headquartered in New York. Compl. ¶¶ 2, 6. Plaintiff is a California resident who created an account to purchase clothing on Defendant's web application. *Id.* ¶ 20. To create an account, Plaintiff was required to agree to Defendant's Terms and Conditions ("Terms"). *Id.* Plaintiff alleges that Defendant's Terms violate the Yelp Law. *Id.* ¶ 18.

The Yelp Law contains two key provisions. Section 1670.8(a)(1) provides that "[a] contract or proposed contract for the sale or lease of consumer goods or services may not include a provision waiving the consumer's right to make any statement regarding the seller or lessor or its employees or agents, or concerning the goods or services." Cal. Civ. Code § 1670.8(a)(1). Section 1670.8(a)(2) provides that "[i]t shall be unlawful to threaten or to seek to enforce a provision made unlawful under this section, or to otherwise penalize a consumer for making any statement protected under this section." *Id.* § 1670.8(a)(2).

At the time Plaintiff filed the Complaint, Defendant's Terms included a provision titled "Trademarks and Service Marks" that provided:

> Unless otherwise indicated, all names, graphics, designs, logos, page headers, button icons, scripts, commercial markings, trade dress, and service names included in the Site are trademarks of UNIQLO or its licensors, sponsors or suppliers and are protected by trademark laws. The trademarks may not be used in any manner that is likely to cause confusion to, or in any manner that disparages or discredits, UNIQLO. UNIQLO and its logo are, without limitation, among the registered trademarks of UNIQLO and its Affiliates. Infringement of any UNIQLO trademark is not permitted.

---

[1] The Court draws the background facts from the Complaint and assumes the truth of all well-pleaded allegations. *See Nielsen v. Rabin*, 746 F.3d 58, 61 (2d Cir. 2014).

Compl. ¶ 4.[2]  Plaintiff alleges that this provision violates the Yelp Law because it restricts customers' rights to use Defendant's name, graphics, designs, logos, and commercial markings "in any manner that disparages or discredits" Defendant or the Uniqlo brand.  *Id.* ¶¶ 4, 17, 18.

## DISCUSSION

### I. Legal Standard

In cases of removal, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  For a plaintiff to have a valid case or controversy under Article III of the U.S. Constitution, the plaintiff "must have a 'personal stake' in the case—in other words, standing."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting *Raines v. Byrd*, 521 U.S. 811, 819 (1997)).  To satisfy the Article III standing requirement, the plaintiff must have "suffered an injury in fact."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).  An injury in fact must be "concrete" and "actual" or imminent, and not conjectural or hypothetical.  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 97 (2013) (citing *Lujan*, 504 U.S. at 560)).  Cases removed pursuant to the Class Action Fairness Act ("CAFA") must be remanded to state court under section 1447(c) if the court lacks subject matter jurisdiction.  28 U.S.C. § 1453(c)(1).

When cases implicate the First Amendment,[3] the standing requirements are relaxed.  *Cerame v. Slack*, 123 F.4th 72, 81 (2d Cir. 2024) (quoting *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 689 (2d Cir. 2013)).  Plaintiffs must still allege that they faced a credible

---

[2]  According to Plaintiff, after this case was filed, Defendant removed the phrase "or in any manner that disparages or discredits" from the Trademarks and Service Marks provision.  Pl. Opp. at 13–14.

[3]  "[B]oth history and legislative actions support the view that Cal. Civ. Code § 1670.8 concerns a free speech right that is analogous to, or has a close relationship with, rights traditionally protected under the First Amendment[.]"  *O'Donnell v. Crocs Retail, LLC*, No. 24-CV-2726, 2024 WL 3834704, at *3 (C.D. Cal. Aug. 15, 2024) (internal quotation marks and citation omitted).

threat of enforcement, however. *Nat'l Org.*, 714 F.3d at 690 (citing *Vt. Right to Life Comm., Inc. v. Sorrell*, 221 F.3d 376, 382 (2d Cir. 2000)). At the pleading stage, to assess whether a plaintiff has adequately alleged an injury in fact in the pre-enforcement context, the Second Circuit applies the three-pronged test from *Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014). *Cerame*, 123 F.4th at 81. The plaintiff must allege: "(1) 'an intention to engage in a course of conduct arguably affected with a constitutional interest'; (2) that the intended conduct is 'arguably proscribed by' the challenged regulation; and (3) that 'there exists a credible threat of prosecution thereunder that is 'sufficiently imminent.'"[4] *Id.* (quoting *Susan B. Anthony List*, 573 U.S. at 159).

"[A] district court declining to adjudicate state-law claims on discretionary grounds need not first determine whether those claims fall within its pendent jurisdiction." *Sinochem Int'l Co. Ltd. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (citation omitted). The Court reasoned that the "principle underlying these decisions was well stated by the Seventh Circuit: '[J]urisdiction is vital only if the court proposes to issue a judgment on the merits.'" *Id.* (quoting *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006)). For a court to issue a decision on the merits "when it has no jurisdiction" is "by very definition, . . . to act ultra vires." *Brownback v. King*, 592 U.S. 209, 218 (2021) (citation omitted). In discussing whether statutory standing is a non-merits threshold issue that may be decided before determining whether the plaintiff has Article III standing, the Second Circuit has held that "a statutory standing issue may not be decided first in those cases where the statutory standing issue is essentially the same as the

---

[4] "[W]here plaintiffs do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or that a prosecution is remotely possible," courts will not find a credible threat of enforcement sufficient to satisfy the imminence requirement. *Picard v. Magliano*, 42 F.4th 89, 98 (2d Cir. 2022) (citation omitted).

4

merits issue." *All. For Env't Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 87 (2d Cir. 2006) ("*Environmental Renewal*").

## II. Plaintiff's Motion to Remand is Granted

### A. Plaintiff Lacks Article III Standing

Plaintiff does not allege an injury in fact sufficient to satisfy Article III standing in the pre-enforcement context, even with the relaxed First Amendment standard. In applying the *Susan B. Anthony List* factors[5] to Plaintiff's claim, the Court must determine whether Plaintiff has alleged that he intended to make statements that would violate the Terms and that there was a sufficiently imminent credible threat of enforcement by Defendant. *See Vitagliano v. Cnty. of Westchester*, 71 F.4th 130, 137–39 (2d Cir. 2023) (applying the *Susan B. Anthony List* test). Plaintiff has not alleged any of that. He alleges that he was required to agree to Defendant's Terms when he created an account on Defendant's web application, and that "upon each of Plaintiff's purchases of goods and use of Defendant's services through Defendant's Uniqlo web application, Defendant unlawfully restricted [his] ability to make any statement that criticized or otherwise disparaged Defendant's goods and services, in violation of [the Yelp Law]." Compl. ¶¶ 20, 22. Plaintiff does not allege that he violated Defendant's Terms or intended or wanted to violate the Terms, or that Defendant enforced or threatened to enforce the Terms against him. For Article III purposes, a "hypothetical" injury is not a sufficient injury in fact. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (citation omitted).

---

[5] The Ninth Circuit considers three factors in determining whether a plaintiff faces a credible threat in the pre-enforcement context: "1) the likelihood that the law will be enforced against the plaintiff; 2) whether the plaintiff has shown, 'with some degree of concrete detail,' that she intends to violate the challenged law; and 3) whether the law even applies to the plaintiff." *Italian Colors Rest. v. Beccera*, 878 F.3d 1165, 1171–72 (9th Cir. 2018) (quoting *Lopez v. Candaele*, 630 F.3d 775, 786 (9th Cir. 2010)). For Yelp Law claims specifically, California district courts evaluate whether "Plaintiff violated or intended to violate the Terms, that [Plaintiff is] self-censoring in fear of violating the Terms, or that Defendant sought to enforce the Terms." *Masry v. Lowe's Cos.*, No. 24-CV-750, 2024 WL 4730423, at *2 (N.D. Cal. Nov. 7, 2024) (cleaned up).

Courts, almost uniformly, have granted motions to remand in Yelp Law cases.[6] In *Anderson*, *O'Donnell*, *Shofet*, *Shahbaz*, *Sweeney*, *Masry*, and *Pulbrook*, California district courts remanded Yelp Law cases to state court because the plaintiffs lacked Article III standing, as they had not sufficiently alleged a concrete injury or threat of enforcement. *See Anderson v. United Parcel Serv. of Am., Inc.*, No. 24-CV-96, 2024 WL 4492042 (C.D. Cal. Oct. 15, 2024); *O'Donnell v. Crocs Retail, LLC*, No. 24-CV-2726, 2024 WL 3834704 (C.D. Cal. Aug. 15, 2024); *Shofet v. Zillow Inc.*, No. 24-CV-92, 2024 WL 5275512 (C.D. Cal. Oct. 3, 2024); *Shahbaz v. Arista Networks, Inc.*, No. 24-CV-431, 2024 WL 4368253 (E.D. Cal. Oct. 1, 2024); *Sweeney v. Paramount Glob.*, No. 24-CV-708, 2025 WL 586586 (C.D. Cal. Feb. 21, 2025); *Masry v. Lowe's Cos.*, No. 24-CV-750, 2024 WL 4730423 (N.D. Cal. Nov. 7, 2024); Order Remanding Case to State Court, Dkt. 36, *Pulbrook v. Nationwide Mut. Ins. Co.*, No. 24-CV-469 (N.D. Cal. May 22, 2024).

Defendant's attempt to distinguish its statutory standing argument from Article III standing is unpersuasive. *See* Defendant's Reply Memorandum of Law in Support of its Mot. to Dismiss (hereafter, "Def. Reply") at 5–7, Dkt. 32. In its motion to dismiss, Defendant argues that Plaintiff lacks statutory standing because "he fails to allege that he suffered an actual injury," citing several California cases to support its argument. Defendant's Memorandum of Law in Support of its Mot. to Dismiss (hereafter, "Def. Mem.") at 6, Dkt. 22. Defendant cites several cases including *Anderson*, *Shofet, O'Donnell*, *Shahbaz, and Masry*, all of which remanded Yelp Law claims to state court for the very reason that Plaintiff lacks Article III

---

[6] In its opposition to Plaintiff's motion to remand, Defendant argues that the forum selection clause embedded in its Terms designates New York law and that the Court is not bound by California law. Def. Opp. at 4 n.2. As required by the forum selection clause, Plaintiff brought his lawsuit in New York. Although Defendant is correct that this Court is not bound by California decisions regarding whether the case should be remanded, those cases that have previously dealt with Yelp Law cases being removed to federal court are persuasive authority.

standing: the plaintiffs failed to allege a concrete injury.[7] *Id.* at 10.  Defendant argues that it is challenging whether Plaintiff has alleged a "valid cause of action under the Yelp Law, not whether Article III requirements are satisfied."  Def. Reply at 5.  But injury in fact goes directly to Article III standing regardless of whether it may also be relevant to a statutory standing or "zone of interest" argument.

Plaintiff has failed to allege that he faced a credible threat of enforcement.  Plaintiff simply has not alleged facts from which the Court could reasonably infer that it is likely that Plaintiff intended to make statements that would violate the Terms or that the Terms will be enforced against Plaintiff.  *See Cerame*, 123 F.4th at 81.  Those are clear requirements for Article III standing in the pre-enforcement context.

Even if Plaintiff lacks Article III standing, Defendant asserts that the Court can still dismiss the action because statutory standing, or the "zone of interests" analysis, is a non-merits threshold issue that can be addressed before determining whether Plaintiff has Article III standing.[8]  Def. Opp. at 5 (citing *Sinochem*, 549 U.S. at 423 (holding that merits-based issues may not be decided if a plaintiff lacks Article III standing, but "there is no mandatory sequencing of nonmerits issues")).  Where the parties' standing arguments are based on differing constructions of the statute at issue, the standing to bring the action "turns on the merits of the

---

[7]    Defendant mischaracterizes the decisions regarding a lack of Article III standing in *Anderson*, *O'Donnell*, and *Shahbaz* as decisions on a lack of statutory standing for a Yelp Law claim.  *See* Def. Mem. at 10–11.

[8]    Defendant cites *Biragov* to support its argument that statutory standing can be addressed before Article III standing.  Def. Opp. at 4 (citing *Biragov v. Dreamdealers USA, LLC*, No. 21-CV-483, 2021 WL 5303918, at *3 (S.D.N.Y. Nov. 15, 2021) (reasoning that statutory standing is among non-merits grounds that may be addressed before Article III standing)).  The holding in *Biragov* related to issue preclusion, and statutory standing was only briefly mentioned before the court clarified that the list of threshold non-merits issues is not exhaustive and the determination of whether a ground is merits-based ultimately turns on the court determining whether the particular issue would require the court to assume substantive law-declaring power.  *Biragov*, 2021 WL 5303918, at *3.

action itself." *Environmental Renewal,* 436 F.3d at 87 (quoting *Atl. States Legal Found. v. Eastman Kodak Co.*, 12 F.3d 353, 357 (2d Cir. 1993)).

Because statutory standing here turns on the parties' conflicting interpretations of the Yelp Law, this Court cannot separate statutory standing from the merits of the case. In addition to their disagreement on whether a threat of enforcement is necessary for a Yelp Law violation, the parties dispute whether the language in Defendant's Terms falls within the scope of the Yelp Law.[9] *See generally* Def. Mem.; Pl. Opp. In *Environmental Renewal*, the parties disputed whether salt was a pollutant within the scope of the Clean Water Act, the governing statute, and the Second Circuit held this to be a statutory standing issue that is merits-based. 436 F.3d at 84. Like in *Environmental Renewal*, because the issue of statutory standing here is "closely related to, if not inextricably entwined with, an issue on the merits," this Court cannot make a decision with respect to statutory standing when Plaintiff lacks Article III standing. *Id.* at 87. This Court would no doubt be assuming "substantive law-declaring power" if it were to rule on the interpretation and application of the Yelp Law. *Sinochem*, 549 U.S. at 424.

Because Plaintiff has not sufficiently alleged an injury, Plaintiff does not have Article III standing; as a result, the Court lacks subject matter jurisdiction. Without subject matter jurisdiction, this case must be remanded to state court.

---

[9] Plaintiff argues that a violation of section 1670.8(a)(1) alone, meaning the mere inclusion of a non-disparagement clause in the Terms, is a violation of the Yelp Law, and enforcement or threat of enforcement of the prohibited provision is not necessary. *See generally* Pl. Opp. Defendant argues that under the language of the Yelp Law, Plaintiff must allege "*both* a true non disparagement clause in a contract for the sale of goods or services, *and* actual threats of enforcement." Def. Reply at 2. Defendant maintains that through "clear statutory interpretation," section 1670.8(a)(1) voids a contract, and section 1670.8(a)(2) creates the cause of action. Def. Mem. at 8–9. Defendant additionally contends that Plaintiff falls outside the "zone of interest" that the Yelp Law seeks to regulate, and that the Trademarks and Service Marks provision is not a non-disparagement clause and only pertains to the use of "[Defendant's] trademarks *in a trademark sense*." *Id.* at 11–13.

### III. Plaintiff's Request for Attorneys' Fees and Costs is Denied

Under the removal statute, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Courts may only award attorneys' fees where a "removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Awarding fees "does not require a finding of bad faith and frivolity." *Kuperstein v. Hoffman-Laroche, Inc.*, 457 F. Supp. 2d 467, 472 (S.D.N.Y. 2006). Courts look at "overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties" in deciding whether to award attorneys' fees and costs. *City of New York v. Exxon Mobil Corp.*, 733 F. Supp. 3d 296, 314 (S.D.N.Y. 2024) (quoting *Morgan Guar. Tr. Co. of N.Y. v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992)).

Plaintiff argues that Defendant's failure to establish that Plaintiff has Article III standing merits an award of attorneys' fees and costs. Plaintiff's Memorandum of Law in Support of Mot. to Remand to State Court, Dkt. 25, at 5. Plaintiff argues that Defendant's removal strategy, which consisted of removing the case to federal court and then "immediately undermining federal jurisdiction with a motion to dismiss for a lack of standing" has been considered a "dubious, dilatory tactic" by many federal courts. *Id.* Further, Plaintiff asserts that not all CAFA removals are automatically objectively reasonable. Plaintiff's Reply in Support of Mot. to Remand to State Court, Dkt. 33, at 8. Defendant contends that an award of attorneys' fees and costs would be improper because its invocation of the Court's CAFA jurisdiction was a reasonable and proper basis for removal. Def. Opp. at 10 (citing *Musiello v. CBS Corp.*, No. 20-CV-2569, 2020 WL 3034793, at *3 (S.D.N.Y. June 5, 2020)). Defendant claims that because removal was not intended to harass or delay, the Court should deny a fee award. *Id.* at 11 (citing *Sokola v. Weinstein*, No. 20-CV-925, 2020 WL 3605578, at *18 (S.D.N.Y. July 2, 2020)).

9

An award of attorneys' fees and costs is not appropriate here because Defendant had a reasonable basis to remove this case to federal court. *See Kuperstein*, 457 F. Supp. 2d at 472. Defendant met the diversity and amount-in-controversy requirements of CAFA. Although Defendant highlighted Plaintiff's lack of Article III standing, which Defendant has the burden of maintaining because it removed the case to federal court, Plaintiff is not entitled to attorneys' fees just because Defendant's arguments turned out to be unpersuasive. *See id.* ("the mere fact that the defendant fails to carry his burden does not of itself require an award of costs to the plaintiff").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand to state court is GRANTED and Plaintiff's request for costs and fees is DENIED. Defendant's motion to dismiss is DENIED AS MOOT. This case is REMANDED to the state court.

**SO ORDERED.**

**Date: July 10, 2025**
**     New York, New York**

**VALERIE CAPRONI**
**United States District Judge**